UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID REYNOSO,<br><br>      Plaintiff,<br><br>-v-<br><br>CLEMENCE TOUSSON,<br><br>      Defendant | Case No.: 14-cv-3564 (CBA)(ST)<br><br>**JOINT PRETRIAL ORDER** |

The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

**Full Caption of the Action**

 David Reynoso, Plaintiff
   v.
 Clemence Tousson, Defendant

**Parties and Counsel**

 Plaintiff: Ketover & Associates, LLC
     By: Josh Ketover (JK8593)
     1225 Franklin Avenue, Suite 522
     Garden City, New York 11530

 Defendant: Clemence Tousson, Pro Se
     8 Tradewinds Drive
     Galveston, TX 77554-9358
     Phone: 409-276-7966

**Jurisdiction**

 The United States District Court for the Eastern District of New York has subject matter jurisdication over this matter pusurant to 28 U.S.C. §1332(a), to wit: a civil action in which the amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars and the parties to the action are citizens of different states.

**Claims and Defenses to be Tried**
    Plaintiff:
1. Prayers for Relief:
   a. First Claim for Relief: Defamation Per Se
      i. See Pages 7-8 of Amended Complaint
      ii. Cases Relied On:
         1. *Liberman v. Gelstein*, 80 N.Y.2d 429, 605 N.E.2d 344, 590 N.Y.S.2d 857 (Court of Appeals, 1992)
         2. *Moore v. Francis*, 121 NY 199
         3. *Privitera v. Town of Phelps*, 79 AD2d 1
         4. *Brach v. Congregation Yetev Lev D'Satmar*, 265 A.D.2d 360 (2d Dept., 1999)
         5. *Kaminester v. Weintraub*, 131 A.D.2d 440 (2d Dept., 1987)
         6. *Cell v. Filipino Reporter Enters. Inc.*, 209 F.3d 163 (2d Cir., 2000).
         7. *Davis v. Ross*, 754 F.2d 80 (2d Cir. 1985)
         8. *Matherson v. Marchello*, 100 A.D.233 (2d Dept., 1984)
         9. *Prozeralik v. apital Cities Communications*, 82 N.Y.2d 466 (NY 1993)
         10. *Davis v. Boeheim,* 110 A.D.3d 1431 (NY 2014)
         11. *Dun & Bradstreet, Inc. v. Greenmoss Builders,* 472 U.S. 749 (1985)
         12. *Com. Union Ins. Co. v. Alitalia, S.p.A.*, 347 F.3d 448 (2d Cir. 2003).
         13. *Itel Containers Int'l Corp. v. Atlanttrafik Exp. Serv. Ltd.*, 909 F.2d 698 (2d Cir. 1990)
         14. *Chandok v. Klessig,* 632 F.3d 803 (2d Cir. 2011);
         15. *Peters v. Baldwin Union Free Sch. Dist.*, 320 F.3d 164 (2d Cir. 2003).
         16. *Thompson v. Bosswick*, 855 F.Supp.2d 67 (S.D.N.Y. 2012).
         17. *Gross v. N.Y. Times Co.*, 82 N.Y.2d 146 (1993)

   b. Second Claim for Relief: Slander Per Se
      i. See Pages 8-10 of Amended Complaint
      ii. Cases Relied On:
         1. See Above
      iii. Statutes Relied On:
         1. See Above

   c. Third Claim for Relief:   Libel On Its Face
    i. See Pages 10-11 of Amended Complaint
    ii. Cases Relied On:
     1. See above
    iii. Statutes Relied On:
     1. See Above

 2. Defenses to Counterclaims:*
  a. Doctrine of Unclean Hands
   i. Cases Relied On:
    1. See abve
    2. *Specialty Minerals, Inc. v. Pluess-Staufer Industries, Inc.*, 395 F.Supp2d 109 (SDNY 2005).
   ii. Statutes Relied On: See Above

  b. Failure to Mitigate Damages
   i. Cases Relied On:
    1. See above
    2. *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89 (2d Cir. 2007).
   ii. Statutes Relied On: See Above

  c. Doctrine of Offset/Set-off
   i. Cases Relied On:
    1. See above
    2. *Citizens of Maryland Bank v. Strumpf*, 516 U.S. 16 (1995)
   ii. Statutes Relied On:
    1. See Above
    2. New York Debor and Creditor Law §151

  d. Doctrine of Improper Notice of Breach
   i. Cases Relied On: See Above
   ii. Statutes Relied On: See Above

**\*Tousson's objection to relitigation of Reynoso's settled defenses.** Court already ruled on defenses

Reynoso's liability for breach of contract is now moot. In M&O 58 at 14, the Court ruled:
 "[A]lthough Reynoso listed eleven affirmative defenses in his answer to the counterclaim, (see D.E. #29, [para] 29-50), he has not asserted, let alone proffered evidence to support, any of these defenses on summary judgment. 2 (See generally Pl. Opp'n. [para] 29-70) Once Tousson came forward with sufficient evidence to establish Reynoso's breach of contract, Reynoso was obligated to 'come forward with evidence that would be sufficient to support a jury verdict in his favor' as to liability. Goenaga. 51 F.3d at 18. He failed to do so."

3

**The court itemized the rejected affirmative defenses (M&O 58 at 14).**
"2[Footnote] The eleven affirmative defenses are (1) failure to state a claim, (2) lack of subject matter jurisdiction, (3) laches, (4) unclean hands, (5) documentary evidence barring the counterclaim, (6) failure to mitigate damages, (7) accord and satisfaction, (8) doctrine of offset, (9) unjust enrichment, (10) prevention of performance, (11) improper notice of breach. (D.E. # 29 29-50.) At Reynoso's deposition, the attorneys discussed the tenth affirmative defense based on Tousson's refusal to accept payments.  (See Reynoso Dep. at 53:7-25.) But no testimony on that subject was elicited from Reynoso, and of course, the attorneys' conversations are not evidence.

**The court specifies how damages are to be determined -- which does not involve relitigation of Reynosos's affirmative defenses (M&O 58 at 14-15).**
"Reynoso is liable for breach of contract on the promissory notes as a matter of law. However, the Court concludes that disputes of fact preclude summary judgment on the amount of damages.  First, the parties dispute the calculation of interest and, consequently, the total sum owed... Second, the record is unclear as to the amounts already paid, and the parties dispute whether any payments were genuine... Given the lack of clarity on the proper calculation of interest, the amounts already paid, and the validity of those payments, summary judgment on the amount of damages due to breach of contract is inappropriate".

## Defendant's Claims and Defenses

1. **Tousson's Claims** (Breach of contract has been granted to Tousson in summary judgment. Assessement of damages is pending.)

    A. **Interpretation of payment extension clause for two promissory notes in protracted default.**
      i. See MSJ Doc 50 (Ex 1); Doc 76 (pp ID # 800-801); M&O 58 (pp 13-14)
      ii. Case Reference: *Sayers v Rochester Telephone Company*, 7 F.3d at 1094.

    B. **Calculation of interest on principal for two promissory notes.**
      i. See Doc 76 (p ID # 814)
      ii. Case Reference: *Sayers v Rochester Telephone Company*, 7 F.3d at 1094.

    C. **Calculation of tax defrayal for two promissory notes.**
      i. See Doc 76 (814-815)
      ii. Case Reference: *Sayers v Rochester Telephone Company*, 7 F.3d at 1094.

    D. **Invalidity of negligible $44,818 purportedly paid by Reynoso on promissory notes.**
      i. See Doc 76 (p ID # 804)

2. **Tousson's Defenses.**

   A. **Legal basis for plaintiff's burden in proving falsity of alleged defamation and degree of actual harm.**
      i. See Doc 76 (pp ID # 801-802, 807-808)
      ii. Case References:
         a. *Palin v The New York Times Co.*, No. 17-3801 (2d Cir. 2019)
         b. *Albert v Laksen,* 239 F.3d at 271, 272
         c. *Gertz v Robert Welch, Inc.*, 418 U.S. 323 (1974)
         d. *Celle v Filipino Reporter Enterprises, Inc.*, 209 F.3d 163 (2d Cir. 2000)
         e. Brown & Williamson Tobacco Corp v Jacobson, 644 F.Supp 1240 (N.D.III 1986)
      iii. Statute: 28 U.S. Code § 4101

   B. **Tousson's defense of truth against defamation: documentary proof of massive fraud.**
      i. See Doc 76 (pp ID # 803-808)
      ii. Case References:
         a. *Dillon v City of New York*, 261 A.D.2d 34 (1st Dep't., 1999)
         b. *New York Times v Sullivan*, 376 U.S. 254 (1964)
         c. *Time Inc. v Hill*, 385 U.S. 411 (1967)
      iii. Statute; 28 U.S. Code § 4101

   C. **Tousson's absolution from the publishers' independently posted alerts about Reynoso.**
      i. See Doc 76 (pp ID # 808-811
      ii. Case References:
         a. *Lew v Smith*, 18 N.Y.S.3d 438 (2d Dep't., 2015)
         b. *Giuffre v Maxwell,* No. 15-CV-7433, 2017 WL 1536009 (S.D.N.Y. April 27, 2017)
         c. *Davis v, Costra-Gavras,* 580 F.Suppl. 1082 (S.D.N.Y 1984.)

   D. **Affirmative evidence of no actual harm to Reynoso from government contract records.**
      i. See Doc 76 (pp ID #807. 811-812)
      ii. Statute: 28 U.S. Code § 4101

   E. **Reynoso's case relies on mere conjecture: Impossible burden in proving falsity of alleged defamation.**
      i. See Doc 76 (pp ID # 807-808, 813)
      ii. Case Reference: *Twombly*, 550 U.S. at 555
      iii. Statute: 28 U.S. Code § 4101

**Damages\***

**Plaintiff:**   Plaintiff seeks judgment in the amount of:

1. First Claim, Defamation Per Se:
    a. Damages in an amount to be proved at trial but believed to be no less than $1,000,000.00
    b. Punitive Damages No Less than $3,000,000.00
2. Second Claim, Slander Per Se:
    a. Damages in an amount to be proved at trial but believed to be no less than $1,000,000.00
    b. Punitive Damages No Less than $3,000,000.00
3. Third Claim, Libel On Its Face:
    a. Damages in an amount to be proved at trial but believed to be no less than $1,000,000.00
    b. Punitive Damages No Less than $3,000,000.00

**\*Tousson's objection.**
Punitive damages are warranted if the conduct "...was directed not only against the plaintiff, but was part of a pattern of behavior aimed at the public generally." *Leviton Mfg. Co., Inc. v Reeve*, 942 F. Supp. 2d 244, 270 (E.D.N.Y. 2013); *NY Univ v Cont'l. Ins. Co.,* 87 N.Y. 2d 308, 316 (1995)..."


**Defendant (Counterclaimant) Tousson:**

1. Compensatory Damages for Breach of Contract
    *(Accrual as of April 2, 2021, but will be updated before trial.)*
    a. Total Principal and Interest on Two Promissory Notes -- $1,225,259
    b. Total Tax Liability to be Defrayed by Reynoso -- $172,986
    c. Grand Total -- $1,398,245
    d. See Doc 76 (pp ID # 814-815) for calculation.

2. Punitive Damages -- $1,000,000
    a. See Doc 76 (pp ID # 815-816) for justification.
    b. Case References:
        i. *Rocanova v. Equitable Life Assur. Sacy.of US*, 83 N.Y.2d 603 (1994)
        ii. *Levington MFG. Co., Inc. v Reeve,* 942 F.Supp2d 244 (E.D.N.Y. 2013)
        iii. *NY Univ. v Cont'l Ins. Co.,* 87 N.Y.2d 308, 316 (1995)

## Jury or Bench Trial

**1. No jury -- agreed by both parties.**
   a. Estimated length of bench trial: two or three days.

**2. Virtual bench trial requested by Defendant**. Plaintiff does not consent to a virtual trial.
   a. Undue hardship for defendant to arrange travel to NY from Texas before tense trial.
   b. Case facts rely on documentary evidence -- promissory notes, credit bank statements, payment receipts, DOS incorporation records, tax information, and email -- not on unverifiable witness testimony.
   c. This case has thus far been determined on briefs alone.

## Consent to Trial by a Magistrate Judge

The parties do not consent to the Hon Magistrate Judge presiding over the case. The Court's Individual Rules at 4 require that the statement of consent "shall not identify which parties have or have not consented."

## Stipulations

Despite *undisputed evidence**, the parties will not voluntarily agree on statements of fact or law.

*The Court ruled in M&O 58 at 13:
   "As to liability, Tousson has proferred undisputed evidence of (1) the existence of contracts (the two promissory notes), (2) her performance under those contracts (provision of funds) and Reynoso's breach of those contracts (his admitted failure to pay the balance on the notes), and (3) damages (the unpaid balances on the notes)".

## Witnesses*

   Plaintiff:
   1. David Reynoso -- Promissory Notes, Defamation Claims, Damages
   2. Alys Balbes -- Defamation Claims, Damages, impact of defamation
   3. Michael Feldman, C.P.A., -- Damages, monetary loss, impact of defamation
   4. Clemence Tousson -- Promissory Notes, Defamation Claims, Damages
   5. Aaron Tousson -- Defendant's awareness of credit line(s)

*Tousson's Objection [FRE Rule 403; FRCP Rule 45(c)(A)]. Documentary evidence will prove the material facts in this case -- not the subjective or emotional account of witnesses. May the Court deny witness testimony under FRE Rule 403. "The court may exclude evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Further, if Reynoso plans to call Tousson's son as an additional witness, Tousson will invoke FRCP Rule 45(c)(A) to prevent this. Tousson's son resides well over 100 miles from the US District Court EDNY, and anyway he has no knowledge of Tousson's bank accounts or any facts pertaining to this case.

***Tousson's Objection (per Judge Amon's Individual Rules at 4):** The Court requires "....A list of names and addresses of all witnesses... with a brief narrative statement of the expected testimony of each witness."

**Tousson's Cross Examination** (If Reynoso's unnecessary witnesses will not be excluded):

1. David Reynoso -- Brief cross examination to reveal perjury from deposition on unauthorized opening of business credit accounts in Tousson's name. Will challenge Reynoso's "homeless and hungry" status from govt records.
2. Alys Balbes -- Brief cross examination to impeach testimony from govt records.
3. Michael Feldman, C.P.A. -- Cross examination to impeach testimony from govt records.
4. Clemence Tousson -- Testimony on her behalf that she is the only proven victim of egregious injustice in this unfounded civil action.

## Deposition Transcripts

Plaintiff:

1. Transcript of Defendant
   a. Page 22
   b. Page 33
   c. Page 42
   d. Page 43
   e. Page 45
   f. Page 46
   g. Page 52

Defendant:

1. Transcript of Defendant
   a. Pages 20-21
   b. Page 27
   c. Pages 30-34
   d. Pages 41-43
   e. Pages 45-46
   f. Pages 53-54

2. Transcript of Plaintiff
   a. Pages 67-69

## Exhibits

Plaintiff:

| Exhibit | Defendant's Objection | Basis for Objection |
|---|---|---|
| 1. Defendant's Answer Doc. 26 | | |
| 2. Defendant's Motion to Dismiss; Docs. 13 and 19 | ✓ | FRCP Rule 11(b)(1) What is the purpose of belaboring moot motions? |
| 3. Defendant's Summary Judgment Motion Docs. 50 and 53 | ✓ | FRCP Rule 11(b)(1) |
| 4. Defendant's Reconsider Motion; Docs. 59 and 63 | ✓ | FRCP Rule 11(b)(1) |
| 5. Defendant's Motion for Joinder; Docs. 66 and 72 | ✓ | FRCP Rule 11(b)(1) |
| 6. Court Decision of Defendant's motion to Dismiss; Doc.25 | ✓ | FRCP Rule 11(b)(1) |

| Exhibit | Defendant's Objection | Basis for Objection |
|---|---|---|
| 7. Court's Decision on Summary Judgment Motion; Doc. 58 | ✓ | FRCP Rule 11(b)(1) |
| 8. Court's Decision on Reconsider Motion; Doc. 65 | ✓ | FRCP Rule 11(b)(1) |
| 9. Court's Decision on Joinder Motion; Doc. 73 | ✓ | FRCP Rule 11(b)(1) |
| 10. 1099's Issued to Defendant by Plaintiff for the years 2010, 2011, 2012 and 2013 | | |
| 11. Correspondence from "James Rider" to Plaintiff (2/26/14) | | |
| 12. Correpondence from "James Rider" to Plaintiff (3/12/14) | | |
| 13. Internet Posting by "James Rider" (3/14/2014) | | |
| 14. Internet Posting by "VictimAdvocates.com" (3/14/2014) | | |
| 15. Internet Posting by "James Rider" (3/20/2014) | | |
| 16. Internet Posting by "VictimAdvocates.net" (3/20/2014) | | |
| 17. Contract between Defendant and "Client First" (2/1/2014) | | |
| 18. Emails between Defendant and Client First, Jack Bauer, James Rider | | |
| 19. Sworn Statement of Defendant (Undated) | ✓ | Not sworn or notarized. Submitted by Client First to Reynoso without Tousson's permission. |
| 20. Defendant's Initial Rule 26 Disclosures (8/4/2014) | | |
| 21. Defendant's Responses to Interrogatories | | |
| 22. Notice of Decision – Plaintiff awarded | | |

| Exhibit | Defendant's Objection | Basis for Objection* |
|---|---|---|
| 23. Supplemental Nutritional Assistance – 8/18/2016 | | |
| 24. Foreclosure Action Against Plaintiff – | ✓ | Defendant requests a copy for authentication. Plaintiff agrees to produce upon receipt of same. |
| 25. Plaintiff Tax Returns 2013-2019 | ✓ | Defendant requests a copy for authentication. Plaintiff agrees to produce upon receipt of same. |
| 26. Plaintiff Bank Statements (redacted but for proof of payments to Defendant) | | |
| 27. Plaintiff Medical Records Regarding Mental Trauma (hospital records, treatment records) | ✓ | "Mental trauma" was never previously claimed. New claims should not be introduced in a JPTO, especially for an aged case. (*Wilson v Mukala*, 303 F.3d 1207, 1215 (10th Cir. 2002.) As yet, no documentation of this claim has been produced. |

28. Records from Chase Visa (subpoenaed, awaiting delivery

29. Records from DFS Corporate Services, LLC (CT Corp Systems) (subpoenaed, awaiting delivery)

30. Records from GE Credit Corp (subpoenaed, awaiting delivery)

31. Records from United Commercial Bank (subpoenaed, awaiting delivery)

32. Records from Washington Mutual Bank (subpoenaed, awaiting delivery)

33. Records from CitiBank (subpoenaed, awaiting delivery)

34. Records from Compass Bank (subpoenaed, awaiting delivery)

35. Records from Wells Fargo (subpoenaed, awaiting for delivery)

36. Records from Bank of America (subpoenaed, awaiting delivery)

37. Organizational Documents for Brook Valley Investments, Inc.

38. Records from Wachovia Bank (subpoenaed, awaiting delivery)

*Tousson objects to all of Reynoso's newly discovered exhibits after this original set (Ex 1-27). The discovery phase for this case has long passed, and the anticipated exhibits lack relevance to Tousson's defense of truth or to Reynoso's burden in proving falsity of alleged defamation.

(Tousson's exhibits on next page.)

10

**Defendant:**

| Exhibit | Plaintiff's Objection | Basis for Objection and Rebuttal |
|---|---|---|
| **A.** Tousson's Claims and Defenses (Doc 76, Page ID # 799-816) | ✓ | Plaintiff says, "Hearsay". Defendant's Rebuttal: Documentary Evidence is an exception to Hearsay Rule. |
| **B.** Two Promissory Notes (Doc 50: Ex 1) | | |
| **C.** Court's Itemization of Allegedly Defamatory Statements M&O 58, p 5) | ✓ | Objection. Relevance. |
| **D.** Letter from Reynoso to Tousson confirming receipt of $25,000 and $35,000 (Doc 59: Ex 1) | | |
| **E.** Letter from Reynoso to Tousson confirming receipt of $65,000 (Doc 59: Ex 2) | | |
| **F.** Wire Transfer to Reynoso for $15,000 (Doc 59: Ex 3a-b) | | |
| **G.** NY DOS record showing Rothstein & Assoc, LLC never existed (Doc 50: Ex 7c). | ✓ | Plaintiff says, "Hearsay, Relevance". Defendant's Rebuttal: DOS records are an exception to Hearsay Rule. Relevance is established because Rothstein was falsely identified as the Maker of the promissory notes, thereby manifesting Reynoso's penchant for fraud. |
| **H.** Letter from Tousson to Reynoso regarding default on notes (Doc 53: Ex1) | | |
| **I.** Tousson's Chase Visa Account Statement (Doc 59: Ex4a-b) | | |
| **J.** Tousson's Discover Card Statement (Doc 59: Ex 5) | | |
| **K.** Wire Transfer from Tousson to Reynoso $37,925.00 (Doc 59, Ex 6) | | |
| **L.** Capital One Business Credit records for entity known as Still Green and Growing (Doc 59: Ex 7a-m) | ✓ | **Hearsay** Rebuttal: Tousson claims Exception to Hearsay under FRE Rule 803 (6)(C) |
| **M.** Brook Valley Investment's organizing documents and fraudulent lines of credit opened in Tousson's name (Doc 59: Ex 8a-u) | ✓ | **Hearsay** Rebuttal: Tousson claims Exception to Hearsay under FRE Rule 803 (8)(A)(i) |
| **N.** 1099-MISC forms for Tousson (Doc 59: Ex 9a-b) | ✓ | **Hearsay** Rebuttal: FRE Rule 803 (8)(A)(i) |
| **N'.** Reynoso's makeshift ledger of $44,818 payment (Doc 50:Ex 9) | | |
| **O.** Investigative Report (Doc 50: Ex 3) | ✓ | **Hearsay** Rebuttal: FRE Rule 803 (8)(A)(ii) |

11

| Exhibit | Plaintiff's Objection | Basis for Objection and Rebuttal |
|---|---|---|
| **P.** Contract between Tousson and Client First, LLC (Doc 50: Ex 4). | | |
| **Q.** Email between Tousson and Jack Baugher of Client First, LLC (Doc 67: Ex 1) | | |
| **R.** Email: Demand for Tousson's repayment sent from James Rider to Reynoso (Doc 67: Ex 2) | | |
| **S.** Email: James Rider to Reynoso's attorney (Doc 67: Ex 3) | | |
| **T.** Email: Rider to Tousson, requesting list of her defrauded funds (Doc 67: Ex 4) | | |
| **U.** Kirk Kennedy Press Release (Doc 67: Ex 5) | | |
| **V.** Online post by publishers listing Tousson's account of Reynoso's breach of contract and fraud (Doc 50: Ex7a) | | |
| **W.** Online Post listing Tousson's account and publishers' independent discovery of Reynoso's fraud (Doc 50: Ex7b) | | |
| **X.** Letter from Reynoso's attorney to Tousson to have postings expunged (Doc 67: Ex 6) | | |
| **Y.** Email: Tousson to Baugher and Rider to substantiate Reynoso's breach of contract and fraud (Doc 67: Ex 7) | | |
| **Z.** Email: Rider to Tousson to absolve her of responsibility for his publications in exposing fraud (Doc 67: Ex 8) | | |
| **AA.** Email: Rider to Reynoso's attorney revealing he belongs to a network of victim advocates who discover victims of fraud (Doc 67: Ex 9) | | |
| **BB.** Email: Rider to Reynoso's attorney, absolving Tousson of his publications to expose fraud (Doc 67: Ex 10) | | |

| Exhibit | Plaintiff's Objection | Basis for Objection and Rebuttal |
|---|---|---|
| **CC.** Email: Tousson to Rider and Client First, lamenting she is being sued for publications she never authorized. (Doc 67: Ex11) | | |
| **DD.** Email: Rider confirms he was referred to Tousson by Client First. (Doc 67: Ex 12) | | |
| **EE.** Email: Tousson's former attorney informs her that he was not able to get Client First to take down the online postings. (Doc 50: Ex 5) | ✓ | **Hearsay:** If Def. is permitted to use this email, it is respectfully submitted she waives the attorney client privilege. Plaintiff would then demand copies of all communications between counsel &Def. |
| **FF.** Tousson's deposition excerpts showing she did not disavow her account of victimization which the publishers posted online at their discretion. (Doc 52-2: pp 27, 30-31, 33,45-46, 53-54) | | **Tousson's Rebuttal:** Ex EE is exception to hearsay under FRE 803(6)(A), (6)(B) and (6)(E). Attorney's documented discovery is a "record of a regularly conducted activity". Also, the attorney-client confidentiality only requires that the attorney maintain confidentiality. The client is free to share information. |
| **GG.** Tousson's deposition excerpts showing her noncommittal answer to a vague question on whether she previewed correspondence with Reynoso or the online publications. (Doc 52-2: pp 32-34, 41-43) | | |
| **HH.** Reynoso's deposition excerpts to expose his perjury on his denial in opening lines of credit in Tousson's name. (Doc 52-1: pp 67-69) | | |
| **I-I.** Government contract records showing no financial harm to Brook Valley Investments -- the only one of Reynoso's companies mentioned in the publications. (Doc 50: Ex 7g) | ✓ | **Hearsay** **Rebuttal:** Tousson claims exception to hearsay under FRE 803 8(A)(i) and 8(B) for "public records". |
| **J-J.** Government contract records exposing Reynoso's habitual fraud in snow removal service throughout the USA. (Doc 50: Ex 7h-i) | ✓ | **Hearsay** **Rebuttal:** FRE Rule 803 (8)(A)(i), 8(B) |
| **KK.** Civil judgments against Reynoso (Doc 50: Ex 8) | ✓ | **Hearsay** **Rebuttal:** FRE Rule 803 (8)(A)(i), 8(B) |
| **LL.** Online reports discovered by Client First of Reynoso's other victims, presented only to establish existence of these reports -- not their truth. (Doc 50: Ex 7j,k,l) | | Objection. Hearsay |

| Exhibit | Plaintiff's Objection | Basis for Objection and Rebuttal |
|---|---|---|
| **MM.** Affidavit of Albert Tousson that Defendant is a computer novice, and he emailed printscreens and links of allegedly defamatory online postings to Defendent and her attorney. This bears witness that Defendant did not preview postings before publication. | ✓ | **Hearsay**<br>**Rebuttal:** Affidavit affirmed before a notary public, with corroborating email correspondence between Albert Tousson, Defendent, and her former attorney, John C. Gallagher III. |

*[signature]* *

JOSH KETOVER (JK8593)
KETOVER & ASSOCIATES, LLC
*Attorneys for* Plaintiff Reynoso
1225 Franklin Avenue, Suite 522
Garden City, NY 11530
Email: JKetover@KetoverLaw.com

*[signature: Clemence Tousson]* *

CLEMENCE TOUSSON
*Pro Se*
8 Tradewinds Drive
Galveston, Texas 77554-9358
Email: Tousson.Clemence@gmail.com

\* Following the Court's declaration at the May-5th pretrial conference that mutual consent is not a requisite for the joint pretrial order, the signatures of the parties only reflect approval of their respective parts of the joint pretrial order. They do not approve of each other's parts.